The GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,

v.

Richard Franklin GRIFFITH G. (Griffith), Defendant-Appellant.

No. 71–3102

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 15, 1972.

Michael R. Fontham, New Orleans, La. (Court Appointed), for defendant-appellant.

Lester Engler, U. S. Atty., Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

* ▮ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from convictions for selling, dispensing, and distributing a narcotic drug (cocaine) in violation of 26 U.S.C.A. § 4704. Appellant was charged under informations filed by the United States Attorney pursuant to the Canal Zone Code, Tit. 6, § 4011. He was tried without a jury and found guilty of the offenses charged.

▮ Appellant's primary contention is that the Fifth Amendment requirement that infamous crimes be tried only upon grand jury indictment should be applied in the territory of the Canal Zone. We disagree. Article IV, § 3, of the Constitution empowers Congress to make "all needful Rules and Regulations respecting the Territory . . ." of the United States. This constitutional provision has been specifically held to authorize Congress to dispense with grand jury indictments in the territories of the United States. See Rivera v. Government of Virgin Islands, 3 Cir., 1967, 375 F.2d 988, in which it was held that Congress could dispense with grand jury indictments in criminal trials in the territory of the Virgin Islands.

The remaining issues raised by appellant, through counsel and in his pro se brief, involve the questions whether the trial judge's articulated reasons for his findings on credibility rendered those findings improper and unconstitutional and whether there was sufficient evidence to prove guilt. We have examined the record and find these arguments without merit.

Affirmed.

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.