**David MONROE, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-3502.**

United States Court of Appeals, Fifth Circuit.

July 10, 1972.

H. Julian Proctor, Tallahassee, Fla. (Court Appointed), for petitioner-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.

GODBOLD, Circuit Judge:

■ We agree with defendant-appellant that the district court erred in denying his 28 U.S.C. § 2255 motion to vacate. The motion raised the issue of whether the federal district court had failed to comply with provisions of Rule 11, Fed.R.Crim.P., in accepting defendant's plea of guilty to second degree murder pursuant to which he was given a 20-year sentence. Defendant, then a federal prison inmate, was indicted under 18 U.S.C. § 1111 on a charge of first degree murder in connection with the knife killing of another prisoner in a scuffle. He entered a plea of not guilty. On February 4, 1969 after a jury was empaneled, he withdrew the plea and entered a plea of guilty of second degree murder.

The defendant had received a mental examination pursuant to 18 U.S.C. § 4244. The resulting report to the court stated that he was a "borderline mentally deficient," with a chronological age of 24 but a mental age of 12 and an I.Q. of 76. The record reveals that he had a second grade education and could not read.

■ Rule 11 provides that the court shall not accept a plea of guilty "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Initially the proceedings were directed toward this requirement. We set out in the margin what occurred that might tend to show the defendant's understanding of the nature of the charge.[1] This simply does

---

1. "MR. CARROUTH [United States Attorney]: David Monroe, you are charged in this Court with violation of Title 18 United States Code, Section 1111, with

not rise to the level of the court's personally addressing the defendant and determining that he understands the nature of the charge. Significantly, in its brief the government does not seriously address itself to this mandate of the Rule but emphasizes alleged compliance with the last sentence of Rule 11, which provides that the court not enter a judgment upon a plea of guilty "unless it is satisfied that there is a factual basis for the plea."[2] This defendant's plea having been entered, the court proceeded to inquire into the factual basis. The events then and subsequently occurring underscore our conclusion concerning lack of understanding of the charge.[3] The United States Attorney recited to the court facts which could have been the basis for either second degree murder or for manslaughter, and defendant confirmed the statement of facts as correct. Next, defense counsel addressed the court and recited facts which tended to show that the scuffle occurred when the victim "came at" defendant after defendant had broken off a verbal encounter with the victim and walked away. Those facts would have supported guilt of second degree murder, of manslaughter, or a valid defense of self defense. The puzzling state in which this left the matter was pointed up by the colloquy which followed:

THE COURT: Is this a suggestion that the plea he has just entered should be withdrawn?

MR. WADSWORTH: No sir, it is not. It is just things about him that I wanted you to know about which

reference to the offense of Second [sic] Degree Murder. Do you understand the nature of the charge against you? "DEFENDANT MONROE: Yes sir. I do."

\* \* \* \* \*

"THE COURT: Mr. Wadsworth [attorney for defendant], for the record, and whether it is the truth of the matter, have you had adequate opportunity to confer with your client about this matter here?

"MR. WADSWORTH: Yes, I have, Your Honor. I have been over this Waiver and Consent form with him, word for word, and I am sure that he understands it, Your Honor.

"THE COURT: You are satisfied in your own mind that he has thorough comprehension of what he is doing and what he is getting into.

"MR. WADSWORTH: He understands as well as he can.

"THE COURT: You mean by that that he understands the nature of his charge?

"MR. WADSWORTH: Yes sir.

"THE COURT: And he understands that he is now pleading guilty to it?

"MR. WADSWORTH: Yes sir.

"THE COURT: And the punishment that he could receive?

"MR. WADSWORTH: Yes sir."

\* \* \* \* \*

"MR. CARROUTH: Now, you have received a copy of the indictment in this case, have you not?

"DEFENDANT MONROE: Yes sir.

"MR. CARROUTH: Now, I want to advise you that the maximum penalty that you could receive in this case, and we are talking about Second Degree Murder, (so there is a reference to First Degree in here and I will strike it)—now, in the event you are convicted or plead guilty to Second Degree Murder, the sentence that the Court may impose on you is a sentence for a term of years; that is, say one year on up to any number of years, or for life. Do you understand that?

"DEFENDANT MONROE: Yes sir."

\* \* \* \* \*

"MR. WADSWORTH: We withdraw the plea of not guilty to First Degree Murder and enter a plea of guilty to Second Degree Murder.

"THE COURT: Is that what you wish to do, Monroe? You heard what your attorney, Mr. Wadsworth, had to say?

"DEFENDANT MONROE: Yes sir.

"THE COURT: Is that what you want to do now?

"DEFENDANT MONROE: Yes sir.

"THE COURT: All right, you may proceed with the arraignment on Second Degree."

2. Similarly, the opinion of the court denying the § 2255 motion centers on the factual basis for the plea and never squarely comes to grips with what the defendant understood about the charge to which he was pleading.

3. "The requirement that the defendant understand the nature of the charge is often related to the inquiry into factual basis." 8 Moore, Federal Practice, § 11.03 [3] [a] at p. 11–56.

would have been a jury question. I just wanted you to know about them.

THE COURT: Monroe, do you know what you are doing?

DEFENDANT MONROE: Yes sir.

THE COURT: Monroe, how long have you had that knife?

DEFENDANT MONROE: Not long, about five days.

The court then indicated it would not accept the plea if there were any suggestion that defendant did not intend to kill the victim. Counsel responded "Your Honor, it is his intention to plead guilty as set forth," and, "Let the record show that he be found guilty based on the facts related." The court than interrogated defense counsel concerning intent, to which counsel replied that there was evidence of intent in the form of the defendant's having dug up his knife from where it was buried and of previous animosity between defendant and victim.[4] In summary, it appears that the thrust of inquiry at the proceeding was almost solely in the direction of whether the statements made by the prosecutor and the defense counsel were sufficiently complete and consistent to meet the requirement of a factual basis for a plea and not upon what the defendant understood concerning the charge.[5] In such a context, and in the absence of any explanation shown to have been given to him of what constituted second degree murder, and of the possibility of manslaughter and of self defense, it cannot be inferred that this defendant, "borderline mentally deficient" with a mental age of 12 and unable to read, had sufficient understanding of the charge for his plea to be valid. While the trial court need not follow any particular ritual, a routine boilerplate question to the defendant as to whether he understands the charges is not sufficient, and a single response by the defendant that he "understands" the charge "gives no assurance or basis for believing he does." Dorrough v. United States, 385 F.2d 887, 890 (5th Cir.1967), rehearing denied, 397 F.2d 811, cert. denied, 394 U.S. 1019, 89 S.Ct. 1637, 23 L.Ed.2d 44 (1969). The affirmative responses of defendant and his counsel to the court's inquiries whether defendant understood the charge are not a substitute for knowledge.

■ Rule 11 has a two-fold purpose. It is designed to assist the trial judge in making the constitutionally required determination that the plea is voluntary. And it is intended to make a complete record at the time the plea is entered of the factors relevant to the voluntariness determination, eliminating any need to resort to later fact finding procedures in a highly subjective area. McCarthy v. United States, 394 U.S. 459, 465, 469–470, 89 S.Ct. 1166, 22 L. Ed.2d 418, 424, 427 (Apr. 2, 1969). Meticulous adherence to the rule tends to discourage, and to enable expeditious disposition of, frivolous post-conviction attacks on pleas of guilty, and both of these goals are undermined to the extent the judge relies upon assumptions not based upon recorded inquiries made by him. Id. at 465, 467, 89 S.Ct. 1166, 22 L.Ed.2d at 425, 426.

> [W]here the charge encompasses lesser included offenses, personally addressing the defendant as to his understanding of the essential elements of the charge to which he pleads guilty would seem a necessary prerequisite to a determination that he understands the meaning of the charge.

---

4. The following day, just prior to sentencing defendant, in contradiction to his statement of the preceding day that he could not accept the plea in the face of any suggestion that defendant did not intend to kill the victim, the trial court remarked that he believed the killing was an act of wanton impulse and that he did not know whether the defendant intended to kill.

5. See footnotes 1 & 2 and text at footnote 3, *supra*.

In all such inquiries, "[m]atters of reality, and not mere ritual, should be controlling." Kennedy v. United States, 397 F.2d 16, 17 (CA6th Cir. 1968).

*Id.* at 467–468 n. 20, 89 S.Ct. at 1171, 22 L.Ed.2d at 426 n.20. In this instance the plea was entered a few months prior to *McCarthy*, and the "automatic prejudice" rule of that case is not available to defendant, Barton v. United States, 458 F.2d 537 (5th Cir., 1972), but a pre-*McCarthy* plea may be attacked as to voluntariness, and when it can be shown that the plea was not voluntarily and understandingly entered it must be invalidated. *Id.* Rule 11 is not constitutionally mandated but assists the judge in making the constitutionally required determination of true voluntariness, and the 1966 amendment to the Rule (adding the provision expressly requiring the court to address the defendant personally) furthers the purpose of better ability of the judge to ascertain the plea's voluntariness (as well as the purpose of developing a better record). McCarthy v. U. S., *supra*, 394 U.S. at 465–466, 89 S.Ct. 1166, 22 L.Ed.2d at 425. Sufficient understanding of the charge, on the basis of which to make an informed decision concerning a plea, is a part of the concept of voluntariness. Entry of a plea waives several constitutional rights (including privilege against self incrimination, trial by jury, and confrontation), and to be valid the waiver must be of a known right or privilege, and moreover, since a guilty plea admits all elements of a criminal charge, it cannot be truly voluntary unless the defendant possesses understanding of the law as well as the facts. *Id.* at 466, 89 S.Ct. 1166, 22 L.Ed.2d at 425. Therefore, in a pre-*McCarthy* plea, the absence of the court's directly addressing the accused, while not necessarily alone a fatal defect, is evidentiary on the issue of voluntariness.

On the facts and circumstances of this case we conclude that the plea of guilty did not come up to constitutional standards of voluntariness.

Vacated and remanded.