Loniel Bobby CANADY,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77-1371
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 17, 1977.

Rehearing Denied Sept. 6, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Loniel Bobby Canady, pro se.

Michael P. Carnes, U. S. Atty., Gerhard Kleinschmidt, Asst. U.S. Atty., Fort Worth, Tex., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

GOLDBERG, Circuit Judge:

In late 1969 appellant Canady pleaded guilty to a charge of possessing counterfeit money with intent to defraud, in violation of 18 U.S.C. § 472. Challenging the denial of his motion for relief under 28 U.S.C. § 2255, appellant contends that during the plea proceedings he specifically denied a necessary element of the crime, intent to defraud. Consequently, according to Canady, his plea could not be accepted consistent with the requirements of Fed.R.Crim.P. 11 or the Constitution. Because appellant's *pro se* pleadings to the court below raised a rule 11 issue not addressed by that court, we vacate the order denying relief and remand for further proceedings.

Canady bases his attack solely on the following statement, which he made to the court prior to sentencing: "To my own admission, you understand, I admitted about the $10.00 bills, but now, as far as having any mischievous intentions, that I do not admit." Without looking any further than the transcripts of the plea and sentencing proceedings, the court below, in denying habeas relief, reasonably concluded that this ambiguous statement was not addressed to Canady's intent at the time of the offense, but instead proclaimed positive intentions for future behavior as part of a plea for leniency. Thereupon the court denied § 2255 relief.

In our opinion Canady's petition raised an additional question that the district court must resolve in order to dispose of this action. Appellant's asserted denial of intent to defraud put in issue whether the presiding judge at the plea proceedings fulfilled the requirement of rule 11 that he personally address the defendant to determine whether he understood the nature of the charge.

After offering his factual allegation, this *pro se* litigant cited as authority for his legal argument *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *McCarthy,* decided prior to Canady's plea proceedings, the Supreme Court explained that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.* at 466, 89 S.Ct. at 1171. This observation spawned the Court's interpretation that rule 11 could not be complied with where "the district judge does not personally inquire whether the defendant understood the nature of the charge." *Id.* at 467, 89 S.Ct. at 1171.

Like the case at bar, *McCarthy* involved statements of innocence of mind made by the defendant and his attorney at sentencing proceedings. The Court emphasized that compliance with the rule 11 requirement that the judge determined the defendant's understanding of the charges would facilitate disposition of postconviction at-

tacks based on such sentencing protestations. If the district judge in taking McCarthy's plea had scrupulously met this requirement,

> petitioner's own replies to the court's inquiries might well have attested to his understanding of the essential elements of the crime charged, including the requirement of specific intent, and to his knowledge of the acts which formed the basis for the charge. Otherwise, it would be apparent to the court that the plea could not be accepted. Similarly, it follows that, if the record had been developed properly, and if it demonstrated that petitioner entered his plea freely and intelligently, his subsequent references to neglect and inadvertence could have been summarily dismissed as nothing more than overzealous supplications for leniency.

*Id.* at 471, 89 S.Ct. at 1173.

■ The Court made clear that compliance with this rule 11 requirement was not merely a useful tool for resolving claims such as the one at bar, but a mandatory step toward entry of a valid plea of guilty. Under *McCarthy,* a defendant whose plea has been accepted in violation of rule 11 is entitled to an opportunity to plead anew without further demonstration of prejudice. *Id.* at 471–72, 89 S.Ct. 1166.

■ This Court has recently expanded on *McCarthy's* requirement that the district judge personally address the defendant to determine that he understands the nature of the charge. In *Sierra v. Government of Canal Zone,* 5 Cir. 1977, 546 F.2d 77, 80, we stated that when *mens rea* is a crucial element of the offense, "the district court must determine, on the record by personally addressing the defendant, that the defendant understands the nature of the mental element." [1]

Canady's *pro se* petition to the district court did not in so many words question the compliance of the trial judge with the rule 11 requirement stated in *McCarthy* and explicated in *Sierra.* Canady did, however, allege noncompliance with rule 11 without further specification, and he cited *McCarthy* as supporting his petition. That case makes clear that compliance with the requirement that the judge address a defendant to determine his understanding of the charge is the touchstone for disposing of post-conviction attacks such as Canady's.

■ In sum, appellant alleged that during sentencing proceedings he denied the mental element of the offense charged, offered in support a somewhat ambiguous remark in the sentencing transcript, and cited the case in which the Supreme Court discussed the relationship between rule 11 requirements and the post-conviction resolution of such ambiguities. In light of the liberal construction required for *pro se* pleadings, Canady's petition was sufficient to put before the court below the question whether the judge at Canady's plea proceedings met the requirement that he personally address the defendant to determine his understanding of the nature of the charge. The district court should have the first opportunity to resolve that question. Accordingly, the order denying § 2255 relief is VACATED and REMANDED for further proceedings consistent with this opinion.

---

1. *McCarthy* did not attempt to codify a particular mode of inquiry for determining a defendant's understanding of the charges against him. The Court did emphasize that reality rather than ritual was to be the guide. *See* 394 U.S. at 467 n.20, 89 S.Ct. 1166. In *Sierra,* this court noted its long-standing recognition that "[r]outine questions on the subject of understanding are insufficient, and a single response by the defendant that he 'understands' the charge gives no assurance or basis for believing that he does." 546 F.2d at 79.