**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Garland H. LINCECUM and R. V. Wilson, Jr., Defendants-Appellants.**

**Nos. 77–5644, 77–5642 Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

March 6, 1978.

---

\* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1230**

Charles P. Pillans, III, Peter D. Webster, Jacksonville, Fla., for defendants-appellants.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

R. V. Wilson, Jr. and Garland H. Lincecum were charged in a multi-count indictment, from the Northern District of Texas, with conspiracy to violate 18 U.S.C. §§ 1343 and 2314, and, in a multi-count indictment from the District of Arizona, with conspiring to violate 18 U.S.C. § 2314. The indictment arose from a fraudulent investment scheme involving mineral ore located in Llano County, Texas. Pursuant to Rule 20, F.R.Cr.P., the Arizona case was transferred to the Northern District of Texas, and the defendants pleaded guilty to Count One of each indictment. The remaining counts were dismissed in accordance with a plea agreement.

Wilson and Lincecum both maintain that the district court failed to comply with the requirements of Rule 11, F.R.Cr.P., in accepting their pleas of guilty, and that therefore they must be permitted to plead anew. In particular, it is contended that the district court failed to inform, and properly determine that they understood, the nature of the charges against them. It is further contended that the record fails to establish a factual basis for the plea as required by Rule 11(f), F.R.Cr.P. The Government, upon recommendation of the Department of Justice, Washington, D. C., "has concluded that the judgments of the district court should be reversed and that the causes should be remanded, for the reason that the proceedings in these cases did not satisfy the requirements of Rule 11, Federal Rules of Criminal Procedure."

We have reviewed the transcripts of the plea and sentencing proceedings, and we find substantial non-compliance with Rule 11. A defendant is entitled to plead anew if a district court accepts his guilty plea without fully adhering to the procedures provided for in Rule 11. *McCarthy v. United States,* 394 U.S. 459, 463–464, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969). *See United States v. Adams,* 5 Cir. 1978, 566 F.2d 962 [1978].

In *McCarthy,* the Supreme Court explained that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an

understanding of the law in relation to the facts." 394 U.S. at 466, 89 S.Ct. at 1171. *See e. g. Sassoon v. United States,* 5 Cir. 1977, 561 F.2d 1154, 1157; *Canady v. United States,* 5 Cir. 1977, 554 F.2d 203, 204; *Monroe v. United States,* 5 Cir. 1972, 463 F.2d 1032. Rule 11 mandates that the district court personally address the defendant before accepting the plea to determine that he understands "the nature of the charge to which the plea is offered." Routine questions on the subject of understanding are insufficient, and a single response, by the defendant that he "understands" the charge gives no assurance or basis for believing that he does. *Sierra v. Government of Canal Zone,* 5 Cir. 1977, 546 F.2d 77, 79. The mere assurance of counsel is also insufficient. *See United States v. Vera,* 5 Cir. 1975, 514 F.2d 102, 104. The district court should assume that the defendant is ignorant of the charges against him and should inform him of the basic acts required to establish guilt. *Sassoon v. United States, supra* at 1158; *United States v. Coronado,* 5 Cir. 1977, 554 F.2d 166, 172.

▮ Applying the above standards to the case at bar results in a conclusion that the district court failed to properly inform the defendants, and determine that they understood, the conspiracy charges against them. It is also unclear whether the requisite mental element for an offense of conspiracy has been developed on the record as required by Rule 11(f), F.R.Cr.P. *See Sierra v. Government of Canal Zone, supra* at 80. Further, district court neglected to fully advise the defendants of those rights, outlined in Rule 11(c), F.R.Cr.P., which would be waived by their pleas of guilty. Compliance with Rule 11 is mandatory, and the defendant need not show further prejudice. *Sassoon v. United States, supra* at 1160; *Canady v. United States, supra* at 205. The defendant must be allowed to plead anew. It is therefore unnecessary at this time to reach the additional issue present by Wilson, for the first time, that Count One of the Texas indictment fails to charge an offense. Rule 12(b)(2), F.R.Cr.P. This contention may be raised in the district court upon remand. The convictions are reversed and the matters remanded to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.