**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Cecil FLANAGAN,
Defendant-Appellant.**

No. 78–5353

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 30, 1979.

James Cecil Flanagan, pro se.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Tom Pearl, Austin, Tex. (Court-appointed), for defendant-appellant.

Jamie C. Boyd, U. S. Atty., Le Roy Morgan Jahn, Archie Carl Pierce, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

James Cecil Flanagan appeals from his conviction and sentence on a guilty plea.

His first complaint is of the inclusion in his presentencing report and consideration by the trial judge of the "official version" of the far-flung drug smuggling conspiracy of which he was a part. His claim is that this version contains inaccuracies, though he does not specify how these affected him. The trial court stated, however, that he was not concerned with this portion of the report in sentencing James Flanagan; and we have noted that this portion of the report need not be sanitized since it is intended to be in the nature of an overall statement of defendant's alleged complicity. *United States v. Ramirez*, 513 F.2d 72, 77–78 n.4 (5th Cir.), *cert. denied*, 423 U.S. 912, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975).

Appellant's second point is so fine as to be well-nigh invisible. At sentencing, government counsel informed the court that James Flanagan, among several of the defendants, had agreed to cooperate with the government, that it was not dissatisfied with the cooperation it had received from any of them, and that this was taken into consideration by the government in the plea-bargain agreement. James Flanagan characterizes this as "a *defacto* argument for the maximum permissible sentence." We are entirely unable to follow this reasoning. The government statement did no more than assert the obvious: that it had bargained for Flanagan's cooperation in arriving at his plea agreement and was satisfied with the bargain, together with an assurance that it was satisfied as well with his cooperation. The bargain did not concern the sentence, a matter left to the court's discretion. Defendant's claim seems to be that the government's statement amounted to an assertion that it had gone as far as it was willing to go in the plea bargain by promising to proceed on reduced charges and that, therefore, the court should impose the maximum sentence. The first assertion appears both obvious and harmless; the second does not follow.

AFFIRMED.