UNITED STATES of America,
Plaintiff-Appellee,

v.

Winston Eugene DAYTON, John Webster Flanagan, and John Morgan Flanagan, Defendants-Appellants.

No. 78–5271
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 30, 1979.

Rehearing Denied En Banc Granted
May 4, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

John Webster Flanagan, pro se.

John Morgan Flanagan, pro se.

Tom Pearl, Austin, Tex. (Court-appointed), for John Morgan Flanagan.

E. Lee Yeakel, III, Austin, Tex., for Dayton.

Jamie C. Boyd, U. S. Atty., Le Roy Morgan Jahn, Archie Carl Pierce, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Dayton, John W. Flanagan and John M. Flanagan appeal from their convictions and sentences on guilty pleas stemming from participation in a substantial drug-smuggling conspiracy. Appellants Flanagan present the same complaints about the proceedings as did James Cecil Flanagan, sentenced at the same time, whose conviction is affirmed in *United States v. Flanagan,* 592 F.2d 252 (5th Cir. 1979); and these are denied for the reasons stated in our opinion in that case. They also complain of the length of the terms of special parole imposed upon them. As the trial court correctly informed them, however, the statute in question, 21 U.S.C. § 841(b)(1)(A), authorizes the imposition of as much as a lifetime parole term. *United States v. Walden,* 578 F.2d 966 (3d Cir. 1978), and cases cited therein at 972. Their convictions and sentences are affirmed.

Appellant Dayton complains of a failure by the trial court to observe the punctilio of Fed.R.Crim.P. 11. Since this is a direct appeal and not a collateral attack, the holding of *Keel v. U. S.,* 585 F.2d 110 (5th Cir. 1978) (*en banc*), dealing with standards applicable to the review of Rule 11 procedures on collateral attack is not controlling.

Dayton was simultaneously arraigned along with his eight codefendants. By a plea agreement, Dayton agreed to enter pleas of guilty to Counts 19 and 28 of a multiple-count indictment and the Government agreed to dismiss the remaining counts. The two specific reasons Dayton offers for setting aside his plea are first, that he was not sufficiently informed of the nature of the charges against him and second, that the trial judge did not satisfactorily determine whether there was a factual basis for a finding of his guilt on these two counts. Passing over, therefore, the other requirements of Rule 11, we recount only the arraignment exchanges touching upon these two assertions of Dayton.

Initially, the trial judge explained to Dayton that he would read the charges contained in Count 19 and he did so:

That on or about August 15, 1976, in the Western District of Texas, Defendants Louis Henry Krueger, John Morgan Flanagan, Bob David Jack, Winston Eugene Dayton, Donald Lewis Holeman and Arthur Stout did unlawfully, knowingly and intentionally possess with intent to distribute approximately six hundred pounds of marihuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The trial judge next told Dayton that, since he understood that Dayton was pleading guilty also to Count 28, he would read Count 28 and he did so:

That on or about December 7, 1976, in the Western District of Texas, Defendants Bob David Jack, Donald Lewis Holeman and Winston Eugene Dayton, did unlawfully, knowingly and intentionally possess with intent to distribute approximately one thousand pounds of marihuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

Then, addressing Dayton, directly and personally, the trial judge inquired:

All right, Mr. Dayton, do you understand the nature of the charges that have been made against you in counts 19 and 28? Mr. Dayton, any question about it?

Dayton by his response indicated that he understood, and that he had no question about the charges as outlined by the trial judge in the manner set out.

Further along during the proceedings, the trial judge undertook to ascertain whether there was any factual basis upon which the tendered pleas of guilty could be appropriately based. He did so by asking the Government's attorney to state the facts which the Government contended could be proven. Prior to the narration of the Government's attorney, the trial judge announced to the defendants, including Dayton:

Now, I want everyone here to listen to the facts upon which the Government relies to convict you as to each Defendant. Bear in mind you are under oath and I want to know if they can prove

these facts against you beyond a reasonable doubt. All right.

The Government's attorney, responding to the trial judge's request, then delivered the following narration:

With regards to Count 19 of the indictment concerning Mr. Donald Lewis Holeman, Mr. Winston Eugene Dayton, Mr. Bob David Jack, it is alleged in the indictment that on or around August 15, the actual date was on or around September 5th to September 12th, 1976, Bob David Jack arranged for a load of marihuana to be smuggled into the United States from the Republic of Mexico.

A load of marihuana was subsequently smuggled by Thomas Kelly as the pilot. It landed at a ranch in the Western District of Texas in and around Llano, Texas, owned by Donald Lewis Holeman. It was flown in a plane owned by Donald Lewis Holeman and Defendant Louis Henry Krueger.

The defendant, Winston Eugene Dayton, acted as a ground crew, helped unload the marihuana and transported it from the airstrip. Defendants Holeman and Krueger received approximately ten thousand dollars on September 18th from John Morgan Flanagan and Arthur Stout at the *Tom Ball* Motor Company owned by Defendant Donald Lewis Holeman for their part in the transaction.

\* \* \* \* \* \*

With regards to Count 28 of the indictment, Your Honor, on Donald Lewis Holeman, Winston Eugene Dayton, on or about December 7, 1976, another load arranged by Bob David Jack wherein Defendant Winston Eugene Dayton acted as ground crew was flown from the Republic of Mexico into the United States by Thomas Kelly.

This load of marihuana also was flown into the Western District of Texas on an airstrip owned by Defendant Donald Lewis Holeman, for which he received consideration.

When the statement of facts upon which the Government relied for proof of guilt had been completed by the Government's attorney, the trial judge again addressed each of the defendants, including Dayton:

Now, each of you have heard the facts, that is the factual basis for which the Government relies to convict you as to the charges contained in each of the counts covered by the plea bargains or plea agreements.

Now, I will ask you, are these facts true and can they be proved against you beyond a reasonable doubt?

\*   \*   \*   \*   \*   \*

I am speaking with reference to Counts 19 and 28. Are these facts true and can they be proved against you as far as Counts 19 and 28?

\*   \*   \*   \*   \*   \*

Mr. Dayton?

DEFENDANT DAYTON: Yes, Your Honor.

Prior to these exchanges directly with Dayton, the trial judge had asked Dayton's counsel whether he had fully explained to his client the nature of the charges that had been made against his client and the consequences of a plea of guilty and Dayton's attorney had assured the trial judge that he had done so. The other requirements of an arraignment and the taking of a guilty plea were fulfilled and no question is raised concerning them.

As we have noted, the law of our circuit distinguishes between direct appeals from guilty pleas and collateral attacks upon such pleas. *See Keel v. United States,* 585 F.2d 110 (5th Cir. 1978) (en banc). We are bound by the precedents left undisturbed by the en banc court in *Keel,* as well.[1]

▆ Had Dayton gone to trial, been convicted, and protested on appeal that this indictment as filed was not sufficiently particularized to inform him of the charge he faced, his conviction would be upheld. *See United States v. Evans,* 572 F.2d 455 (5th Cir. 1978); *United States v. London,* 550 F.2d 206 (5th Cir. 1977); *United States v. Beasley,* 550 F.2d 261 (5th Cir. 1977); *Unit-*

ed States v. Markham,* 537 F.2d 187 (5th Cir. 1976). Our precedents, however, make plain that in the case of guilty pleas and for Rule 11 purposes a more stringent assurance that the defendant understands the nature of the charges against him is required than where a contested trial is had. *United States v. Lincecum,* 568 F.2d 1229 (5th Cir. 1978); *United States v. Adams,* 566 F.2d 962 (5th Cir. 1978); *Sassoon v. United States,* 561 F.2d 1154 (5th Cir. 1977); *United States v. Coronado,* 554 F.2d 166, 169 n.2 (5th Cir.), *cert. denied,* 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); *Sierra v. Government of the Canal Zone,* 546 F.2d 77 (5th Cir. 1977).

"Such is the law of the Fifth Circuit."[2] *United States v. Johnson,* 546 F.2d 1225 (5th Cir. 1977); *United States v. Frontero,* 452 F.2d 406 (5th Cir. 1971). Obedient to it, we reverse Dayton's conviction. His other complaints are meritless, but for the above reasons he must be allowed to plead anew.

It is so ORDERED.

AFFIRMED and REVERSED.

## ON PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to rehear en banc the appeal of *Winston Eugene Dayton,*

IT IS ORDERED that his appeal shall be reheard by the Court en banc on briefs without oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.

---

1. *See Beker Phosphate Corp. v. Muirhead,* 581 F.2d 1187, 1190 n.10 (5th Cir. 1978), *quoting Burnet v. Coronado Oil & Gas Co.,* 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 817 (1932) (Brandeis, J., dissenting) ("*Stare decisis* is usually the wise policy, because in most matters it is

more important that the applicable rule of law be settled than that it be settled right."). Here the Fifth Circuit law is settled.

2. *Keel v. United States,* 572 F.2d 1135, 1137 (5th Cir. 1978) (*rev'd on rehearing en banc*).