SUAFALA SIMOA aka SUAFALA WILLIAMS, Appellant,
v.
AMERICAN SAMOA GOVERNMENT, Appellee.

High Court of American Samoa
Appellate Division

AP No. 16-83

May 22, 1984

Before GARDNER, Chief Justice, Presiding, KING,* Acting Assocaite Justice, HEEN,** Acting Associate Justice, TAUANU'U, Chief Associate Judge and OLO, Associate Judge.

Counsel: For the appellant, Martin Yerick, Assistant Public Defender
For the appellee, John Parton, Assistant Attorney General

After the denial of a request that the matter be presented to a grand jury for indictment rather than by information, defendant was convicted of murder. On appeal the appellate division remanded for a determination as to whether indictments in this territory would be impractical and anomalous. On remand the trial court handled the matter as habeas corpus and held that the fifth amendment requirement of an indictment in federal courts did not apply to the territory. It has since been stipulated that indictments by grand jury are not impractical and anomalous. The question remaining is whether the right of prosecution by indictment is a fundamental constitutional right. It is not.

Inhabitants of territories are entitled to fundamental constitutional rights. King v. Morton (D.C. Cir. 1975) 520 F.2d 1140. This does not mean that they are entitled to all constitutional rights. Craddick v. Territorial Registrar (1980) 1 A.S.R.2d 10. Indictment by grand jury is not

9

a fundamental right.

As far back as 1884, the Supreme Court, in Hurtado v. California, 110 U.S. 510, held that the substitution of an information for an indictment in state court was not a denial of due process of law. The Court held that both are merely preliminary proceedings which can result in no final judgment except as the consequences of a regular judicial trial conducted precisely the same regardless of which procedure was followed.

Certainly, the information procedures are more fair, with open preliminary hearings, confrontation of witnesses and representation by counsel--all of which are denied before the grand jury. The attacks on the grand jury system became so intense stateside that the supreme courts of several states have now ruled, on the basis of equal protection, that the defendants are entitled to a post indictment preliminary hearing. See, e.g., Hawkins v. Superior Court (1978) 22 Cal. 3d 584, 150 Cal. Rptr. 435; People v. Duncan (Mich. 1972) 201 N.W.2d 629. Indeed, it is odd to find any defendant in a criminal case who wants to go back to the secrecy of a grand jury as against an open preliminary examination.

Be that as it may, this defendant, relying on the undisputed fact that the fifth amendment requires an indictment in federal courts demands a similar right in this territorial court. No way.

The right of presentment by grand jury is merely a procedural right and not a fundamental right. Rivera v. Government of Virgin Islands (3d Cir. 1967) 375 F.2d 988; Soto v. United States (3d Cir. 1921) 273 F. 628. In Government of Canal Zone v. Griffith (5th Cir. 1972) 459 F.2d 1036, the court held that article IV, section 3 of the Constitution empowers Congress to make all needful rules and regulations respecting a territory. This provision has been expressly held to authorize Congress to dispense with grand jury indictment in territories. Government of Virgin Islands v. Bell (3d Cir. 1970) 423 F.2d 692; People of Guam v. Inglett (9th Cir. 1969) 417 F.2d 123. It is true that the Guam, Canal Zone and Virgin Island cases refer to specific grants of authority by Congress to the territories but the principle is the same as to this unorganized territory. In this respect we cannot improve on the language of the trial court in his opinion denying the petition for writ of habeas corpus.

United States sovereignty over its territories vests Congress with the powers of both a local and national government and it can do for a territory whatever a state can do for itself or one of its political subdivisions. Cincinnati Soap Co. v. United States (1937) 301 U.S. 308; American Insurance Co. v. 356 Bales of Cotton (1828) 26 U.S. 511. Governance of a territory rests primarily with Congress and secondarily with such agencies as Congress may establish for that purpose. Snow v. United States (1873) 85 U.S. 317. The power which Congress may thus delegate, subject to subsequent revision or revocation, includes all matters which could be regulated by the laws of a state. District of Columbia v. John R. Thompson Co. (1953) 346 U.S. 100. Congress nevertheless retains all legal authority over the people of this territory and all departments of its government, and may legislate directly for the territory, abrogate its laws, void a valid act, or validate a void act. Inter-Island Steam Navigation Co. v. Territory of Hawaii (1938) 305 U.S. 306; First National Bank v. Yankton County (1879) 101 U.S. 129.

Through delegation of its authority, Congress has entrusted the Department of the Interior with governance of American Samoa. The Department of the Interior has approved the adoption of a constitution, the formation of a local government, and the promulgation of laws for American Samoa. This approval could be rescinded at any time. The Government of American Samoa, its policies and departments, in other words, exist solely

because Congress or the Department of the Interior has not yet said that they do not exist.

A.S.C.A. section 46.1220 is among the laws which have, by silence, been endorsed by Congress and the Department of the Interior. It provides for preliminary determinations of probable cause by information in all felony prosecutions. The procedure is fair and consistent with due process guarantees. It regulates prosecutions for violations of the American Samoa Code only and has no impact beyond the territory. It is clear that Congress or any authorized agent of Congress may enact any provision in regard to a territory that could otherwise have been enacted by a state.

The right of a defendant to prosecution by grand jury indictment rather than by information is not a fundamental right under the United States Constitution.

But, says the appellant, this whole question of fundamental vs. non-fundamental rights is now academic because King v. Morton (D.C. Cir. 1975) 520 F.2d 1146, imposed a new test, i.e., whether indictment by grand jury would be impractical and anomalous. Thus, fundamental vs. non-fundamental goes out the window. We do not agree.

King was talking about the right to a jury, not a grand jury. The two are light years apart. One has to do only with a non-fundamental procedural right--an instrumentality by which a case is processed to trial. The other is clearly a fundamental right in which the jury makes the vital distinction between guilt and innocence. King itself warned of the danger of a decision based on bare general principles enunciated in other cases. King does not stand for the principle that the only test is practicality. King said, at 1147, "In short, the question is whether in American Samoa 'circumstances are such that trial by jury would be impractical and anomalous.' Reid v. Covert, 354 U.S. at 75" (quoting the concurring opinion of Justice Harlan)(emphasis added).

The first question is whether the right is fundamental and only when it is found to be fundamental do we proceed to the question as to whether it is impractical or anomalous. Any other analysis would result in chaos. There are numerous rights which are not fundamental which may not be impractical or anomalous. It would be getting the cart before the horse to elevate these to the stature of fundamental rights just because they are not impractical or anomalous.

Judgment affirmed.


KING, Acting Associate Justice, concurring.

I concur in the result so long as the Government of American Samoa provides a judicial hearing on probable cause before a defendant may be placed on trial. I do not agree that the constitutional provision for indictment does not give the defendant more protection than a probable cause hearing. The latter procedure subjects a defendant to a public judicial proceeding which he must attend and at which testimony is adduced which could be used against him later even in the absence of the witness. However, I agree that King v. Morton does not require a different result than that reached here.

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.