**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ada Marie DAVIS, Defendant-Appellant.**

No. 74-1108

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 1, 1974.

Gerald E. Hopkins, Houston, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 5th Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

■ Pursuant to a plea bargain, Ada Marie Davis entered a plea of guilty to possessing a United States Treasury check which had been stolen from the mails, knowing the same to have been stolen, in violation of 18 U.S. C. § 1708. Two other counts of the Grand Jury indictment against her were dismissed. She appeals from a judgment and commitment to imprisonment for a period of thirteen months on the sole ground that the record of her arraignment and sentence contained no evidence that she knew the check she possessed was stolen. The government correctly responds to this contention by observing that a voluntary plea of guilty constitutes a judicial admission of all factual averments in the indictment. However, the instant appeal does raise a related issue amounting to plain error regarding the lack of compliance with the concluding proviso of Fed.R.Crim.P. 11, which reads:

> The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

This factual basis must appear *on the record.* Santobello v. New York, 404 U. S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *see also* McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Because the transcript of the arraignment and sentencing proceedings that form the record on this appeal fails to demonstrate the existence of such a factual basis for the plea of guilty to the charge of knowing possession of a stolen check, we must vacate and remand.

Defendant was represented before the court below by the same court-appointed counsel who prosecutes this appeal. At the time the defendant was arraigned the only area of inquiry that even remotely related to the development of a factual basis for her plea of guilty was the following:

THE COURT: Do you plead Guilty solely because you are Guilty?

THE DEFENDANT: Yes, I do.

THE COURT: And do you do so willingly and voluntarily?

THE DEFENDANT: Yes.

THE COURT: You want to do so?

THE DEFENDANT: Yes.

THE COURT: You have made the decision yourself without anyone persuading you or pressuring you?

THE DEFENDANT: Yes, I have.

In the course of his comments at the time of sentencing, the Assistant United States Attorney advised the court: "Defendant states she received this check from another individual knowing it was stolen and forged and cashed it." Thereafter, the court had this exchange with the defendant:

THE COURT: If anything is to be corrected, you may make any corrections if you desire.

THE DEFENDANT: It's not correct in saying I knew it was stolen at the time.

\*　　\*　　\* .　\*　　\*　　\*

THE DEFENDANT: Before I was apprehended I knew it was stolen. After I cashed it I knew it was stolen.

THE COURT: After you cashed it?

THE DEFENDANT: Yes, sir. But still I was wrong, because I know I shouldn't have cashed it.

THE COURT: Well, I appreciate that. But your knowledge and intent is a vital element of this crime with which you are charged.

THE DEFENDANT: This is why I pled guilty.

THE COURT: You found out it was stolen when, after you were apprehended?

THE DEFENDANT: The same day.

THE COURT: The same day?

THE DEFENDANT: Yes.

THE COURT: From whom?

THE DEFENDANT: I received, I think it was, around $7, you know, for cashing the check. And I found out that the check was stolen and

that I should have received more, had I known.

I thought I was doing a favor.

Would you like for me to explain that?

THE COURT: Well, you may. Yes, you may.

\* \* \* \* \* \*

THE DEFENDANT: . . . Marvin Blunt told me that it was his wife's check and she was in the hospital—I know he did have her two children and he asked me would I cash the check for him where I would cash my Welfare check because the folks knew me quite well.

I didn't cash it using the name Ada Marie Davis because it was not in that name.

Mr. Stokes has known me all of his life. He knew that I wasn't Marie Sykes.

And then I found out later that she did not own the check and she wasn't in the hospital.

Defendant's counsel, expressing surprise at his client's denial of an essential element of the count to which her plea had been entered, stated that he might wish to move to withdraw the plea and have the case set down for trial. However, without explanation or apparent reason he reconsidered this course and deliberately allowed the guilty plea to remain unchallenged.

■ To support the court's action in accepting the guilty plea, the government first points to that portion of the defendant's statement in which she admits that she knew the man who handed her the check, Marvin Blunt, by a different surname from that of the check's payee, Marie Sykes; yet she maintained that Marie Sykes was represented to her as Marvin Blunt's hospitalized wife. Ignoring the common law relationship possibilities, the government urges that this evidence would raise conflicting inferences sufficient to warrant submission of the issue of the defendant's guilty knowledge of the check's stolen charac-

ter to a jury. Without comment on this postulation, we refuse to hold that such a tenuous inference, existing side by side with the defendant's express denial that she had any knowledge that the check was stolen, presents a record that meets the requirements of Rule 11 as now written. We have stated that a judge taking a plea of guilty must make an inquiry which is "factually precise enough and sufficiently specific to develop that [defendant's] conduct on the occasions involved was within the ambit of that defined as criminal." Jimenez v. United States, 487 F.2d 212, 213 (5th Cir. 1973); United States v. Bethany, 489 F.2d 91 (5th Cir. 1974); *see also* Hulsey v. United States, 369 F.2d 284 (5th Cir. 1966). This is not to say that any claim of innocence prevents the acceptance of a guilty plea. In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), this contention was rejected, but Alford's case arose from a state court proceeding not bound by Rule 11 and the record in his case contained evidence from two other witnesses which so strongly pointed to the defendant's guilt that he himself considered his conviction probable.

■ The government raises a second contention that deserves comment on the present appeal. The defendant's admissions demonstrate a factual basis for accepting a plea of guilty, had one been tendered, as to the second or third counts of the indictment. These counts charged Davis with forging the endorsement of Marie Sykes on the subject treasury check before she cashed it in violation of 18 U.S.C. § 495. Guilt upon either of these counts carried a stiffer maximum penalty than that which could be imposed on the Count I offense, to which her guilty plea was entered. Based upon this set of facts the government asserts that the defendant voluntarily relinquished "any doubt as to her guilt on the count to which she did plea" in exchange for the assurance of the lesser penalty. Although the argument is not without a degree of practical persuasiveness, its logic is faulty. A dem-

onstration of guilt on counts which the prosecution has agreed to dismiss cannot form the basis for an adjudication of guilt on a less serious count that is otherwise without a basis in fact in the record. *Cf.* United States v. Ray, 431 F.2d 1177 (9th Cir. 1970).

The condition of this record requires that the judgment and commitment order appealed from be vacated as to the action taken on all three counts of the indictment. The cause is remanded to the court below for further proceedings not inconsistent with this opinion. Hall v. United States, 489 F.2d 427 (5th Cir. 1974).

Vacated and remanded.