505 F.2d 957
 Jose M. TORRES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 74-2357 Summary Calendar.*
*Rule 18, 5 Cir., see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 30, 1974.
 
 Joseph A. Calamia, El Paso, Tex. (Court-appointed), for petitioner-appellant.
 William S. Sessions, U.S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U.S. Atty., El Paso, Tex., for respondent-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Jose M. Torres pled guilty to a charge of receiving, concealing and facilitating the concealment of a quantity of heroin, in violation of former 21 U.S.C. 174.[1] He was sentenced to serve seven years, and took no direct appeal. Torres now appeals the district court's denial of his motion under 28 U.S.C. 2255 to vacate his conviction and sentence. We find that the trial court failed to comply with the strict requirements of Fed.R.Crim.P. 11, and therefore reverse and remand.
 
 
 2
 Appellant Torres has a limited knowledge of the English language. At the hearing to receive the plea, the trial judge was apprised of this fact, and took appropriate action. The transcript of the proceedings shows that an interpreter translated the proceedings step by step for Torres.
 
 
 3
 At the hearing the Assistant United States Attorney stated the factual basis for the guilty pleas in English, whereupon Torres' codefendant, Gonzales, insisted that he was not guilty. After a brief discussion the judge refused to accept Gonzales' guilty plea, but said, 'Well, I'll take Mr. Torres' plea.' The trial judge never asked Torres if he admitted the factual basis for the plea. The record does show that he asked both defendants in English if the United States Attorney's recitation of the facts was a true and correct statement of what happened. But the transcript does not show that Torres made any response. According to the transcript, Torres did not say anything else during the hearing.
 
 
 4
 In McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425-426 (1969), the Supreme Court announced the applicable law:
 
 
 5
 Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'
 
 
 6
 Appellant Torres was not questioned concerning the factual basis; and he avers that he did not understand what was said in English. The record shows that the statement of the factual basis for the plea was not translated for Torres, though the court found it necessary to translate the other parts of the proceedings to him. On this record, we cannot conclude that Torres knowingly and voluntarily pled guilty to the charges against him. Therefore we vacate his conviction and sentence. The judgment of the district court is reversed and the cause is remanded to allow Torres to plea anew. See McCarthy v. United States, supra; United States v. Davis, 5th Cir. 1974, 493 F.2d 502; Cooks v. United States, 5th Cir. 1972, 461 F.2d 530.
 
 
 7
 Reversed and remanded.
 
 
 
 [1]
 Act of Feb. 9, 1909, ch. 100, 2(c), (f), 35 Stat. 614; Act of Jan. 17, 1914, ch. 9, 38 Stat. 275; Act of May 26, 1922, ch. 202, 1, 42 Stat. 596; Act of June 7, 1924, ch. 352, 43 Stat. 657; Act of Nov. 2, 1951, ch. 666, 1, 5(1), 65 Stat. 767; Act of July 18, 1956, ch. 629, Title I, 105, 70 Stat. 570. The section set penalties for smuggling narcotics into the United States, conspiring to commit unlawful acts with respect to the smuggled drugs, and made unexplained possession of narcotic drugs sufficient evidence to support a conviction. It also set penalties for second and subsequent offenses. Congress repealed the section in 1970, and the offenses are now covered under 21 U.S.C. 885(b), 960(a), (b), 963, 965