UNITED STATES of America,
Plaintiff-Appellee,

v.

Gustavo Q. VERA and Abuid M. Vera,
Defendants-Appellants.

No. 74–4245
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 6, 1975.

Daniel V. Alfaro, Huerta, Pena, Beckman, Rodriguez & Alfaro, Amador C. Garcia, Corpus Christi, Tex., for defendants-appellants.

* Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Abuid Vera (Abuid) and his father Gustavo Vera (Gustavo) both pled guilty to a charge of unlawfully, knowingly, and intentionally possessing, with the intent to distribute, 554 pounds of marijuana in violation of 21 U.S.C.A. § 841(a)(1). After sentence was imposed, they moved to withdraw their guilty plea. Their motions were denied and the Veras appeal. We find that Fed. R.Crim.P. 11 was not complied with and therefore reverse and remand to enable defendants to plead anew.

Fed.R.Crim.P. 11 requires that the court may not entertain a plea of guilty "without . . . determining that the plea is made . . . with understanding of the nature of the charge" and "unless it is satisfied that there is a factual basis for the plea." The inquiry must be "factually precise enough and sufficiently specific to develop that [defendants'] conduct on the occasions involved was within the ambit of that defined as criminal." Jiminez v. United States, 5 Cir. 1973, 487 F.2d 212, 213. See also, United States v. Davis, 5 Cir. 1974, 493 F.2d 502; United States v. Bethany, 5 Cir. 1974, 489 F.2d 91, 92.

Abuid and Gustavo were arraigned separately. During Abuid's arraignment the district court's inquiry evoked responses which cast serious doubt on Abuid's guilt:

THE COURT: Now they have—you plead guilty to Count two which is possession with intent to distribute approximately five hundred and fifty-four pounds of Marijuana; now what was your part in this, what did you do?

DEFENDANT ABUID VERA: Well, I just came along, I guess.

THE COURT: You just came along? Well, were you, did you have some of the Marijuana in your possession?

DEFENDANT ABUID VERA: No, sir.

THE COURT: Did you drive the car?

DEFENDANT ABUID VERA: Well, it wasn't my car at all.

THE COURT: It wasn't your car but you were the driver of the car that had the Marijuana?

DEFENDANT ABUID VERA: No, sir, I didn't drive that one.

THE COURT: You didn't drive that one. You were driving another car?

DEFENDANT ABUID VERA: We didn't have anything.

THE COURT: You knew what was going on? You knew that there was Marijuana being transported did you?

Assistant United States Attorney McCullough then interrupted and attempted to describe the circumstances under which Abuid, Gustavo, and other defendants were arrested; however, he never explicitly stated Abuid's and Gustavo's involvement. The court, interested in pinning down Abuid's involvement, shifted its inquiry:

THE COURT: What did, what did this man have to do with it?

MR. McCULLOUGH: Specifically, Your Honor, these two gentlemen were together at all times that we have any knowledge of this case. And I couldn't say what one of them did that the other did not.

THE COURT: Well, let me ask you—did you, did you know that there was Marijuana on, on the ranch where you were, did you know? When did you find out there was Marijuana involved?

DEFENDANT ABUID VERA: Yes, sir.

THE COURT: When did you find out there was Marijuana involved? Right off the bat, or was it—

At this point defendant's counsel interjected his assurances to the court that Abuid understood the entire matter. The court's questioning ceased and Abuid's plea was accepted.

■ Before accepting a plea of guilty, "[t]he judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment . . . .' " McCarthy v. United States, 1968, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed. 418. Abuid was not asked whether the explanation of the Assistant United States Attorney was correct. See Torres v. United States, 5 Cir. 1974, 505 F.2d 957, 958. The only implicating information Abuid disclosed in response to the district court's questioning was his awareness that there was marijuana on the ranch while he was there. Without a determination of the time when Abuid found out about the marijuana, or the circumstances surrounding his knowledge, the fact that at some time he knew that there was marijuana on the ranch cannot be equated with possession with intent to distribute, the charge against him. Particularly in light of the earlier exculpatory responses of Abuid, the court should have extended its factual inquiry.

■ The trial court must also be satisfied that the "defendant possesses an understanding of the law in relation to the facts." McCarthy, supra 394 U.S. at 466, 89 S.Ct. at 1171. Without further questioning of Abuid and without advising him fully what acts were necessary to establish guilt, the court could not have determined that Abuid understood his conduct, in light of the law, to be criminal. Hulsey v. United States, 5 Cir. 1966, 369 F.2d 284.

■ Finally, the mere assurance of defense counsel is not sufficient. The district court must "personally inquire whether the defendant understood the nature of the charge." McCarthy, supra 394 U.S. at 467, 89 S.Ct. at 1171. The "factual basis must appear on the record." Davis, supra at 503. See also Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. The record here contains insufficient information to disclose a factual basis for Abuid's plea.

■ The determination by the court of Gustavo's criminality, based on the following limited colloquy, was more tenuous:

THE COURT: Well, can you tell me just what you did yourself?

DEFENDANT GUSTAVO VERA [Who understands little English—In the third party, through an interpreter]: He says the story is very long; he says that he knew what was being delivered, and that he was promised a dollar per pound for what was actually delivered.

THE COURT: He knew he was dealing with Marijuana?

DEFENDANT GUSTAVO VERA: He said he did know what was going to be delivered. His son said they were going to pick up a package.

THE COURT: He knew it was Marijuana?

DEFENDANT GUSTAVO VERA: He did not know what was in it.

THE COURT: That's as far as we can go now, Mr. McCullough. All right, we will just—the plea of guilty has been accepted and entered, and we will defer arraignment, I mean we will defer sentencing at this time.

The contradictory responses do not tend to prove that Gustavo, Abuid's father, possessed anything. They certainly do not support a finding that Gustavo knowingly possessed marijuana.

Reversed and remanded for further proceedings consistent with this opinion.