Vernell CHRISTOPHER,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–2011
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1976.

Vernell Christopher, pro se.

Donald E. Walter, U. S. Atty., D. H. Perkins, Jr., Asst. U. S. Atty., Shreveport, La., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

On August 31, 1962, the appellant, Vernell Christopher, plead guilty to all counts of a four-count Bill of Information. Following the denial of his § 2255 motion, Christopher appealed to this Court contending that the district court erred in refusing to hold an evidentiary hearing to inquire whether there was a factual basis to support the plea. Finding no merit in this contention, we affirm.

In 1966, Rule 11, Federal Rules of Criminal Procedure, was amended to provide that the court could not enter judgment upon a plea of guilty unless it was satisfied that there was a factual basis for the plea. Prior to 1966, there was no such requirement although some federal judges followed this practice. When this plea was accepted in 1962, the district judge was not required to find a sufficient factual basis to support the plea.

Despite the fact that no factual basis was necessary to accept the plea, the district judge had obtained sufficient information from the presentence report which would justify the plea's acceptance. The advisory notes at the end of Rule 11 state that the trial judge may determine if a factual basis exists for the plea by inquiry of the defendant, or the attorney for the government, or by examining the presentence report, or otherwise. From the record of this case, it can be seen that the district judge acted properly according to the law of the time when the plea was accepted. *See McCarthy v. U. S.,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Halliday v. U. S.,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16; also see, *Burton v. U. S.,* 9 Cir. 1973, 483 F.2d 1182.

AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.