**Ralph C. BURROW, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 10181 and 10199.**

Missouri Court of Appeals, Springfield District.

Jan. 14, 1977.

Motion for Rehearing or Transfer Denied Feb. 7, 1977.

G. Michael Baker, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and FLANIGAN and HOGAN, JJ.

BILLINGS, Chief Judge.

Appellant Ralph C. Burrow's motion to vacate sentence and judgment for first degree robbery was denied by the Circuit Court of Greene County without an evidentiary hearing. We affirm.

Appellant's stated ground for postconviction relief under Rule 27.26, V.A.M.R., is that his "[G]uilty pleas [sic] was invalid as not properly given." The allegations contained in his motion as supportive of this claim are as follows:

"Counsel for Movant answered when judge asked if he were guilty.

Judge did not ask Movant to describe crime or his part.

Movant was not sworn under oath concerning his guilty plea.

Judge did not ask State to describe evidence in detail.

There was no evidence of guilt by Movant.

The guilty plea is invalid under *U. S. v. Vera*, [5 Cir.], 514 F.2d 102 (1974)."

In the instant proceeding the trial court reviewed the transcript of the 1974 guilty plea proceeding and concluded appellant's plea was voluntarily given and he was not entitled to the relief sought.

The guilty plea transcript reflects that as the result of plea bargaining between the prosecuting attorney and appellant's attorney the appellant had agreed to plead guilty to count one of a two-count information and the second count would be dismissed by the state. After the judge had been advised of the foregoing, he administered the oath to the appellant and proceeded to interrogate the appellant at length as to the latter's understanding of his various rights, the range of punishment, the voluntary nature of the proposed plea, and appellant's familiarity with the charge to which he desired to enter his plea. Appellant admitted he was guilty of the crime charged in count one. The judge then permitted withdrawal of appellant's earlier plea of not guilty and accepted his guilty plea.

"A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Hogshooter v. State,* 514 S.W.2d 109, 113 (Mo.App. 1974).

Appellant's ground for relief and his alleged "facts" are refuted by the guilty plea transcript. An evidentiary hearing was not required and the court did not err in summarily denying the motion.

The judgment is affirmed.

All concur.