UNITED STATES of America,
Plaintiff-Appellee,

v.

Francis Alvin JOHNSON,
Defendant-Appellant.

No. 76–1581
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1977.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Francis Alvin Johnson, pro se.

John E. Clark, U. S. Atty., San Antonio, Tex., Frank B. Walker, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Francis Alvin Johnson was charged in four separate indictments with several counts of violating various federal firearms control statutes. Pursuant to a plea bargain between the Government, defendant and his attorney, all indictments were dismissed with prejudice, defendant waived his right to further grand jury indictment, and he entered a plea of guilty to a one-count bill of information charging him with misprision of a felony, in violation of 18 U.S. C.A. § 4. Specifically, the information charges that Johnson "concealed and did not as soon as possible make known" to authorities a violation of the Neutrality Act, 22 U.S.C.A. § 1934. The violation refers to the attempted export of arms and ammunitions by two others indicted with defendant.

Upon receipt of the guilty plea, the district judge requested the U.S. Attorney to state the factual basis thereof, as required by Rule 11(f), Fed.R.Crim.Proc. The proffered factual basis contains only the following discussion of appellant Johnson:

> . . . Agent Ortorica would testify that he then had a conversation with Francis Alvin Johnson concerning these transactions which indicated that Mr. Johnson was aware of the conversations that had taken place between Agent Ortorica, posing in an undercover capacity and Julia Minas and James Leroy Humphrie, but that Francis Alvin Johnson to this date has not come forward and told any authority of these conversations or these transactions between Julia Minas and James Leroy Humphrie.

The Rule 11(f) factual basis for a guilty plea must be precise enough and sufficiently specific to show that the accused's conduct on the occasion involved was within the ambit of that defined as criminal. Before a guilty plea can be validly accepted, the district court must insure that the conduct admitted by the accused constitutes the offense charged in the information. This factual basis must appear on the record. The purpose behind such a requirement is to protect a defendant who may plead voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not

actually fall within the definition of the crime charged. *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Vera,* 514 F.2d 102, 104 (5th Cir. 1975); *United States v. Davis,* 493 F.2d 502, 504 (5th Cir. 1974); *Reed v. United States,* 471 F.2d 721, 722 (5th Cir. 1973); *United States v. Frontero,* 452 F.2d 406, 416 (5th Cir. 1971).

The factual basis of defendant's plea does not demonstrate the existence of "concealment," an essential element of the offense of misprision. The record of defendant's plea fails to reveal that he took "affirmative steps to conceal the crime of the principals." *United States v. Daddano,* 432 F.2d 1119, 1124 (7th Cir. 1970), *cert. denied,* 402 U.S. 905, 91 S.Ct. 1366, 28 L.Ed.2d 645 (1971); *Neal v. United States,* 102 F.2d 643, 649–650 (8th Cir. 1939). The mere failure to report a felony is not sufficient to constitute a violation of 18 U.S.C.A. § 4. *Lancey v. United States,* 356 F.2d 407 (9th Cir.), *cert. denied,* 385 U.S. 922, 87 S.Ct. 234, 17 L.Ed.2d 145 (1966).

Having decided that defendant's guilty plea was invalidly accepted, we need not confront the merits of the other issues raised on appeal. These questions have not yet been presented to the district court and may not again arise on the disposition of this case on remand. Defendant's conviction is reversed and this matter is remanded to the district court so that he can plead anew. *See McCarthy v. United States, supra,* 394 U.S. at 472, 89 S.Ct. 1166.

REVERSED AND REMANDED.