Gerald Isaac **SASSOON,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 76–1160.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1977.

Gerald Isaac Sassoon, pro se.

Terry Sullivan (Ct.Appt.), Atlanta, Ga., for petitioner-appellant.

Dorothy T. Beasley, Asst. U. S. Atty., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for respondent-appellee.

·Before TUTTLE, GOLDBERG and RO-NEY, Circuit Judges.

TUTTLE, Circuit Judge:

Appellant, Gerald Isaac Sassoon, a federal prisoner, sought to have his guilty plea and sentence vacated pursuant to 28 U.S.C. § 2255. Relief was ultimately denied in the district court, and an appeal followed. Sassoon's initial appeal was dismissed for lack of jurisdiction by this Court on Mar. 30, 1977, *Sassoon v. United States,* 549 F.2d 983 (5th Cir. 1977), because the order from which the appeal was taken failed to comply with Fed.R.Civ.P. 58, which requires that "[e]very judgment shall be set forth on a separate document." In dismissing the appeal, this Court's opinion advised that either party was free to seek entry of a final judgment which complied with Rule 58 and to initiate a second appeal. Sassoon has done so, and this Court now reaches the merits of his § 2255 motion, reverses the order of the district court, and holds that Sassoon must be allowed to plead anew because the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure at appellant's arraignment and sentencing.

I.

Because the procedural setting of this case is somewhat complex, the events leading up to this appeal must be set forth.

On May 31, 1974 appellant tendered a guilty plea to two separate indictments, charging him with a total of 19 counts of interstate transportation of falsely made and forged bank checks, in violation of 18 U.S.C. § 2314. On June 27, 1974 Sassoon's plea was accepted and he was sentenced to six years of imprisonment in accordance with a plea agreement which covered all counts.

Sassoon, acting pro se, later filed a "Notice of Motion to File Pursuant to 28 U.S.C. § 2255 and Motion for Transcript" on Mar. 21, 1975. Sassoon alleged a general non-compliance with Fed.R.Crim.P. 11[1] at his

---

1. Because Sassoon's plea was made prior to the 1975 amendments to Rule 11, his case is controlled by the 1966 version of the rule.

*Goodwin v. United States,* 544 F.2d 826 (5th Cir. 1977) (per curiam); *United States v. Coronado,* 554 F.2d 166 (5th Cir. 1977).

arraignment and sentencing and specifically complained that the district court had failed to inform him of the maximum sentence possible as a consequence of his guilty plea. The district court elected to treat this notice as the initiation of a § 2255 motion and ordered the government to respond. Several responses and traverses to responses followed, and Sassoon submitted a memorandum of law to support his contention that Rule 11 had been breached.[2]

At the close of these pleadings the district court, on Sept. 9, 1975, without a hearing, granted Sassoon's motion to vacate and ordered that he be permitted to plead anew. The district court found that Sassoon had been adequately informed of the maximum sentence possible under his plea agreement but held that the court had failed to establish a factual basis for the plea. On Sept. 16, 1975 Sassoon was rearraigned and pleaded not guilty to the 19 counts against him. Three days later the government filed a motion with the district court seeking reconsideration of the Sept. 9 order. In support of this motion the United States submitted a memorandum of law arguing that there had indeed been full compliance with Rule 11 in accepting Sassoon's original guilty plea and that the presentence report · had established the requisite factual basis. Convinced now that his first order was erroneous, the trial judge, without a hearing or any further briefing from Sassoon, granted the government's motion, vacated the Sept. 9 order and "any proceedings resulting therefrom (including petitioner's rearraignment)," and denied Sassoon's § 2255 motion. This second order, dated Sept. 29, 1975, was not properly docketed until April 13, 1977, and Sassoon's appeal followed shortly thereafter.

In briefs submitted to this Court, both pro se and by his court-appointed attorney,[3] Sassoon argues that because he had been rearraigned, the district court should be estopped from vacating the Sept. 9 order which had initially granted him relief. The government, on the other hand, argues that its motion for reconsideration was properly encompassed within either Fed.R.Civ.P. 60(b)(1) or 60(b)(6) because the Sept. 9 order was the result of judicial error.

█ This Court finds it unnecessary to answer either of these arguments directly. Rather, our recent decision in *Sosa v. United States,* 550 F.2d 244 (5th Cir. 1977), dictates the conclusion that the district court was prohibited by the terms of § 2255 from granting relief to Sassoon on Sept. 9 without first causing notice to be served upon the United States attorney and granting a hearing on the motion. Therefore, the Sept. 9 order was void, and all proceedings that followed from it were likewise void.

In *Sosa,* this Court interpreted § 2255 to require that a district court conduct a hearing before granting relief to a prisoner, although the statute permits the denial of relief to a petitioner when "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Applied to the situation here, the *Sosa* rationale invalidates the Sept. 9· order which granted relief to Sassoon, but leaves standing the Sept. 29 order in which relief was finally denied. As a result of this interpretation of the procedural imbroglio below, the Sept. 9 order, the rearraignment, and the government's motion for reconsideration are of no legal sig-

Rule 11 at that time provided:
"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

2. The merits of his contention will be addressed in Part II of this opinion.

3. On June 7, 1976, this Court appointed counsel for Sassoon, who was proceeding in forma pauperis.

nificance. The Sept. 29 order amounts to a finding by the district court that the record "conclusively showed" that each of Sassoon's contentions was without merit.

We further note that Sassoon initiated this motion pro se and without the aid of the transcripts of his arraignment and sentencing. Later in the pleadings, when these transcripts had been made available to him, Sassoon enlarged his allegations to include additional violations of Rule 11 and submitted a memorandum of law in support of his motion. Ample time was available to the government to respond to these grounds, both before the Sept. 9 order and after it. Moreover, the district court's Sept. 9 order of relief had rested on one of these later-presented grounds. This fact indicates that the district court had considered all grounds presented by Sassoon and not merely the earlier allegation concerning the maximum sentence. It further indicates that the United States should have been aware that Sassoon's motion had been broadly construed by the district court. Additionally, it persuades this Court that the Sept. 29 denial of relief represented a decision by the district court against the appellant on *all* grounds raised throughout the course of the pleadings. For this reason, Sassoon's appeal is construed as resting on allegations of multiple violations of Rule 11.

II.

■ While we concur in the district court's conclusion that Sassoon was adequately informed of the maximum sentence which he faced as a consequence of his guilty plea, we cannot agree that the district court exhibited that "utmost solicitude" [4] which must be accorded to a criminal defendant who tenders a plea of guilty in a federal court. Rather, we find that the plea proceedings were flawed in two respects: both in a failure to demonstrate on the record that the appellant possessed an adequate understanding of the nature of

the charges against him and in a failure to establish *on the record* that there was a factual basis for the plea.

In *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court set out two purposes to be served by Rule 11: first, to assist the district court in making the constitutionally mandated determination that the defendant's guilty plea is voluntary, and, second, to provide a complete record *at the time the plea is entered* of factors relevant to the voluntariness determination. The Court made it clear that its decision sought to protect an accused who was unaware that his admitted conduct did not constitute the offense charged as well as to facilitate the handling of post-conviction attacks by assuring an adequate record for review. Without spelling out a particular format to be followed at a plea proceeding, the Supreme Court did require that the district court address the defendant personally "to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea." *Id.* at 464, 89 S.Ct. at 1170. Moreover, the Court held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." *Id.* at 463–64, 89 S.Ct. at 1169.

■ The twofold purpose of Rule 11 has been implemented in numerous decisions of this Court. *Canady v. United States,* 554 F.2d 203 (5th Cir. 1977); *United States v. Coronado,* 554 F.2d 166 (5th Cir. 1977); *Sierra v. Government of Canal Zone,* 546 F.2d 77 (5th Cir. 1977); *United States v. Davis,* 493 F.2d 502 (5th Cir. 1974) (per curiam); *Monroe v. United States,* 463 F.2d 1032 (5th Cir. 1972). Rule 11 claims must be resolved solely on the basis of the arraignment and sentencing transcripts. *United States v. Coronado,* 554 F.2d 166 (5th Cir. 1977).

In the present case, the transcripts of Sassoon's arraignment and sentencing are

---

4. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although *Boykin* involved a state prisoner, the same

principles guided the Supreme court in this decision as in cases construing Rule 11 for use in federal courts.

**1158**

totally devoid of any inquiry by the district court into the appellant's understanding of the charges against him. Nowhere in the transcripts is there any indication that the court informed the appellant of the elements of the offenses charged. · The charges are referred to only by indictment numbers. Not even a summary reference is made to the nature of the offenses involved in the plea. While it is true that Sassoon may have known and understood the charges against him, both the Supreme Court and this Court have held that the district court must not proceed upon an assumption that the defendant has been adequately informed. The *McCarthy* Court stated that the district court must not act upon any assumptions not based on recorded responses to his inquiries. *McCarthy v. United States,* 394 U.S. at 467, 89 S.Ct. 1166.

Recently, in *United States v. Coronado,* 554 F.2d 166, 172 (5th Cir. 1977), this Court recommended that the district court assume that the accused is ignorant of the charges against him and said that the judge should inform the defendant of the basic acts required to establish guilt. The *Coronado* Court suggested that jury instructions might be a helpful source of simple statements which would serve to inform the defendant fully of the nature of the charges against him. Recognizing that "some aspects of legal argot and other legal concepts . . . are esoteric to an accused," *id.* at 172, the Court stated:

> "[N]o matter how simple the charges, a district court should make the minor investment of time and effort necessary to set forth their meaning and demonstrate on the record that the defendant understands.

. . . . .

Developing on the record the defendant's understanding of the charges places at most an inconsequential burden on the district court. There is no excuse for failing to undertake procedures of such utility in ensuring voluntary and intelligent pleas that are susceptible to meaningful review. The rule 11 proceedings become more efficacious and meaningful in direct proportion to the explanatory details that are developed at such a hearing."

*Id.*

 The plea proceedings were further flawed in that the record fails to reflect that the sentencing judge was "satisfied that there is a factual basis for the plea," as required by the terms of Rule 11. To assure that an overzealous defendant does not plead guilty unnecessarily, the judge must determine "that the conduct which the defendant admits constitutes the offense charged . . . ." *McCarthy v. United States,* 394 U.S. at 467, 89 S.Ct. at 1171, *quoting from* Notes of Advisory Committee on Criminal Rules. Rule 11 makes clear that the judge must "develop, *on the record,* the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge." *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) (dictum) (emphasis in original). This Court has also required that the factual basis appear on the record, *United States v. Davis,* 493 F.2d 502 (5th Cir. 1974) (per curiam); *Gilbert v. United States,* 466 F.2d 533 (5th Cir. 1972) (per curiam), although it is also clear that the cases do not require a personal inquiry of the defendant, *Davis v. United States,* 470 F.2d 1128 (3d Cir. 1972) (per curiam). Indeed, an indictment may be used for this purpose if "factually precise enough and sufficiently specific to develop that [the defendant's] conduct on the occasions involved was within the ambit of that defined as criminal." *Jimenez v. United States,* 487 F.2d 212, 213 (5th Cir. 1973), *cert. denied,* 416 U.S. 916, 94 S.Ct. 1623, 40 L.Ed.2d 118 (1974). *See also United States v. Johnson,* 546 F.2d 1225 (5th Cir. 1977); *United States v. Vera,* 514 F.2d 102 (5th Cir. 1975). *But see Reed v. United States,* 471 F.2d 721 (5th Cir. 1973) (per curiam) (factual basis must be independent of indictment).

In its Sept. 29 order the district court acknowledged that "the record itself does not reflect a factual inquiry of the defend-

ant at either the arraignment or the sentencing . . . ." It correctly noted that such a personal inquiry is not the only means of satisfying Rule 11. Indeed, the Advisory Committee's Notes accompanying Rule 11 list several means of satisfying the factual basis. One of these, the presentence report, was relied upon by the district court in its Sept. 29 order as the source of the factual basis. However, the district court failed to recognize that the factual basis, whatever its source, must appear clearly on the record. *Reed v. United States*, 471 F.2d 721 (5th Cir. 1973) (per curiam). It is true that the record does allude to the presentence report and makes clear that the judge was familiar with its contents. However, even if the presentence report, which is not part of the record on appeal, contained sufficient facts to satisfy Rule 11, there is no way for an appellate court to assure itself of that fact from an examination of the transcripts.[5]

At the arraignment, the district court informed Sassoon that acceptance of his guilty plea was conditional pending a review of the presentence report. At sentencing, the court referred to the contents of the report while discussing the sentence with Sassoon and his attorney. The following exchange occurred:

"THE COURT: Well, he's got some other problems, too. He feels like it's alright [sic] to rob banks. He says he's never robbed an individual but these conglomerate banks cheat the public anyway and he's relieving them of some of their problems and some of their money. And he doesn't even have any recollection of how much money he's obtained in this fashion.

Anybody whose thinking is that twisted has some problems that have to be untwisted. . . .

. . . . .

THE COURT: Well, I'm going to recommend that he be sent somewhere for treatment both for his—apparently he has had some psychiatric aberrations. I

don't know how he got the notion it was all right to rob banks.

THE DEFENDANT: Your Honor, could I say something about that?

THE COURT: Yes, Sir.

THE DEFENDANT: When I was having the discussion with Mr. Kendricks [probation officer], you know, I told him that some people use guns and, you know, robbing people and I felt that what I was doing was a lot better off than what they were doing, you know.

THE COURT: Well, Mr. Sassoon, con men take more money than all the bank robbers with their guns. The only thing is it may be a little safer.

And, incidentally, you've got a habit that's awfully hard to break. Getting something for nothing by a con game or passing bad checks or forged securities or something of that sort are the worst recidivists in the world. They are more likely to return to prison than any other type of prisoner except dope addiction and you've got both of those problems.

Now, if you're going to ever make anything of your life, it's about time you got started.

THE DEFENDANT: I realize that.

THE COURT: And, as long as your attitude follows this pattern, you're going to see very little of the light of day on the street, I'm afriad [sic].

This exchange falls short of the detailed examination demanded by Rule 11 and by our cases. In *United States v. Frontero*, 452 F.2d 406 (5th Cir. 1971), an F.B.I. agent read a report of the defendant's acts into the record. We vacated the sentence because the exchange between the Court and the agent did not set forth the elements of the crime charged. And in *United States v. Johnson*, 546 F.2d 1225 (5th Cir. 1977), the district court had the United States attorney relate the factual basis for the plea. However, the plea was later held invalid because an essential element of the crime had been omitted.

**5.** Dictum in *Christopher v. United States*, 541 F.2d 507 (5th Cir. 1976), suggests that a presentence report can provide an adequate factual basis. However, the guilty plea challenged in *Christopher* was made in 1962, before Rule 11 was amended to require a factual basis.

These cases make clear that this Court requires more than a vague allusion to the offense charged when the judge is on the verge of imposing sentence. Compliance with Rule 11 is mandatory and the defendant need not show further prejudice. *Canady v. United States,* 554 F.2d 203 (5th Cir. 1977). Therefore, the order of the district court denying relief is vacated, and the case is remanded to the trial court where Sassoon must be permitted to plead anew.

VACATED and REMANDED.