# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2010

No. 08-20416
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SOLOMON OGBEMUDIA, also known as Kamasu Patterson, also known as Larry Doogwama,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-145-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Solomon Ogbemudia, a citizen of Nigeria, pleaded guilty to mail fraud affecting a financial institution and aggravated identity theft; he was sentenced to a combined 144 months' imprisonment (120 months for mail fraud and a mandatory consecutive 24 months for identity theft). He contends: a Supreme Court decision handed down after entry of his identity-theft guilty plea shows the plea was not supported by a factual basis, *see Flores-Figueroa v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 129 S. Ct. 1886 (2009); and, his 120-month non-guidelines sentence for mail fraud was unreasonable.

*Flores-Figueroa* held the Government must prove the defendant knew that the stolen identification belonged to another person. 129 S. Ct. at 1889, 1894; *see also* 18 U.S.C. § 1028A(a) (setting out elements of aggravated identity theft). The Government concedes the record does *not* establish Ogbemudia knew such documents belonged to actual people. Ogbemudia contends, and the Government concedes, remand is appropriate because the record does not contain a sufficient factual basis to establish this essential element. FED. R. CRIM. P. 11(b)(3) (requiring district court, before entering judgment on a guilty plea, to determine it is supported by a factual basis).

Because Ogbemudia did not raise this issue in district court, review is only for plain error. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Reversible plain error exists where a clear or obvious error affects defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett*, 129 S. Ct. at 1429. Even then, we retain discretion whether to correct such an error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

As noted, error existed because there was an insufficient factual basis to support Ogbemudia's conviction. *See* FED. R. CRIM. P. 11(b)(3); *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992) ("The factual basis cannot be implied from the fact that the defendant entered a plea, but must appear on the face of the record and 'must be precise enough and sufficiently specific' to demonstrate that the accused committed the charged criminal offense." (quoting *United States v. Johnson*, 546 F.2d 1225, 1226 (5th Cir. 1977))).

The error was clear or obvious. Although the district court did not have the benefit of *Flores-Figueroa* when Ogbemudia pleaded guilty, it is sufficient that the error be clear at the time of appeal. *See United States v. Avants,* 278

2

F.3d 510, 521 (5th Cir. 2002).    Further, this error affected Ogbemudia's substantial rights.  *See United States v. Dominguez Benitez*, 542 U.S. 74, 80–83 (2004).    And, in the light of the Government's request for a remand, it is appropriate to exercise our discretion to correct this error.  *See Puckett*, 129 S. Ct. at 1429.  Accordingly, Ogbemudia's conviction for aggravated identity theft is vacated, and this matter is remanded for entry of a new plea for his identity-theft conviction.  *See United States v. Hall*, 110 F.3d 1155, 1162 (5th Cir. 1997).

For Ogbemudia's mail-fraud sentence, the district court:  concluded that the advisory guideline range of 33 to 41 months was not sufficient to achieve the sentencing objectives of 18 U.S.C. § 3553(a); and imposed a non-guidelines sentence of 120 months.  Ogbemudia challenges the reasonableness of this upward variance.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 50–51 (2007).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  First, we consider whether the district court committed a "significant procedural error".  *Id*. at 752–53.  If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion.  *Id*. at 751–53.  "[A] sentence within a properly calculated Guideline range is presumptively reasonable".  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Contrary to Ogbemudia's assertions, the district court weighed numerous factors under § 3553(a) and provided detailed and substantial justification for concluding that the range of 33 to 41 months was insufficient to satisfy those objectives.  *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008)

3

(affirming upward variance based on § 3553(a) factors); *United States v. Williams*, 517 F.3d 801, 810–11 (5th Cir. 2008) (same). The court noted that Ogbemudia's offense constituted a wide-ranging scheme involving: the use of counterfeit identifications and documents containing false information; the rental of 20 postal boxes in 12 locations; and the establishment of more than 70 fraudulent accounts at 15 different financial institutions.

The court also concluded that Ogbemudia's criminal history category of VI did not accurately reflect Ogbemudia's actual history and characteristics, and that a sentence within the advisory guidelines range was thus insufficient to reflect his history and characteristics, promote respect for the law, afford adequate deterrence, and protect the public from future crimes by Ogbemudia. The record supports these findings: Ogbemudia has a 20-year history of crimes involving fraud, some of which were not included in his criminal history score; Ogbemudia had been deported three times, only to reenter the United States illegally each time; the convictions included in the criminal history score earned him 18 points, five more than needed for Category VI; despite repeated convictions and incarceration, Ogbemudia continued to commit crimes, including fraud-based offenses; and he has employed numerous aliases and false or fraudulently obtained social security numbers. These were proper considerations that support the district court's reasonable conclusion that Ogbemudia's criminal history score did not fully reflect his criminal activity. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008) (noting that "defendant's criminal history is one of the factors that a court may consider in imposing a non-Guidelines sentence").

In sum, the district court's determination that a sentence substantially above the guidelines range was needed to achieve the objectives of § 3553(a) did not constitute an abuse of discretion. *See Brantley*, 573 F.3d at 350. Similarly, there is no reason to disturb the district court's conclusion regarding the extent of the deviation, which was justified by the district court's careful analysis of the

4

§ 3553(a) factors. *See id.*; *see also United States v. Jones*, 444 F.3d 430, 441–42 (5th Cir. 2006) (affirming 120-month sentence where guidelines range was 46 to 57 months). Because there is no basis for reversal under the ordinary abuse-of-discretion standard of review, we need not reach the Government's contention that Ogbemudia's sentencing challenge should be reviewed only for plain error.

Ogbemudia's mail-fraud sentence is AFFIRMED; his aggravated-identity-theft conviction is VACATED; and this matter is REMANDED for entry of a new plea on the identity-theft count.