# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2010

No. 09-10057
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ROBERT LOUIS HAWKINS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-304-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Louis Hawkins pleaded guilty to possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), and he was sentenced to 60 months in prison. Hawkins contends that he was denied effective assistance of counsel when counsel abandoned meritorious objections to the guidelines calculations in favor of an alternative calculation of the guideline range. He also contends that the sentence-appeal waiver in his plea agreement should not be enforced and that his sentence is unreasonable because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court applied a presumption of reasonableness to a within-guidelines sentence and failed to properly consider relevant mitigating factors. We need not reach these issues.

Hawkins argues that his guilty plea was not voluntary because he was not informed of and did not understand every element of the offense and because the factual basis was insufficient to prove every element of the offense. Because Hawkins did not raise this issue in district court, review is only for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The list of elements of the § 922(k) offense in Hawkins's factual resume failed to include the element of the defendant's knowledge of the obliteration or alteration of the serial number, and the district court did not inform Hawkins of this element of the offense. *See United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004); *see also United States v. Hooker*, 997 F.2d 67, 74 (5th Cir. 1993) (describing this as a "crucial element" of a § 922(k) offense). By not informing Hawkins of this crucial element of the offense, the district court erred by failing to inform Hawkins of, and ensuring that he understood, the nature of the charge, in violation of Federal Rule of Criminal Procedure 11(b)(1)(G). Additionally, the district court erred in accepting Hawkins's guilty plea because there was an insufficient factual basis to support Hawkins's guilty plea as to this element of the offense. *See* FED. R. CRIM. P. 11(b)(3); *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992) ("The factual basis cannot be implied from the fact that the defendant entered a plea, but must appear on the face of the record and 'must be precise enough and sufficiently specific' to demonstrate that the accused committed the charged criminal offense.") (quoting *United States v. Johnson*, 546 F.2d 1225, 1226 (5th Cir. 1977)). In light of the record as a whole and *Johnson* and *Hooker*, these errors are clear or obvious.

Further, these errors affected Hawkins's substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 80-83 (2004); *see also Marshall v. Lonberger*, 459 U.S. 422, 431 (1983) ("A guilty plea . . . cannot be truly voluntary

2

if the defendant 'has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'" (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1941))).  The Government's argument that the error did not affect Hawkins's substantial rights because he reaped the benefit of avoiding prosecution and a higher sentence on the original indictment is disingenuous in light of its ex parte letter to the district court in support of the plea agreement.

We find it appropriate to exercise our discretion to correct this error in this case. *See Puckett*, 129 S. Ct. at 1429.  Accordingly, Hawkins's § 922(k) conviction is VACATED, and this matter is REMANDED for entry of a new plea.  *See United States v. Hall*, 110 F.3d 1155, 1162 (5th Cir. 1997).  Reversing on this ground, we need not reach Hawkins's other claims.