# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2010

No. 09-20383

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RASHEED BABTUNDE KAYODE, also known as Babatunde Rasheed
Kayode, also known as Rasheed Babatunde Kayode, Fugitive,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-387-1

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rasheed Babatunde Kayode appeals his guilty-plea conviction for aggravated identity theft and the corresponding 24-month sentence. Following the entry of Kayode's guilty plea in the district court, the Supreme Court issued its decision in *Flores-Figueroa v. United States*, — U.S. —, 129 S.Ct. 1886 (2009). Now, for the first time on appeal, Kayode argues that as a result of the Supreme Court's superseding decision in *Flores-Figuero*a, the district court erred when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20383

failed to admonish him on an essential element of the offense: specifically, that the Government was required to prove he knew the means of identification used or possessed belonged to an actual individual.[1]  Kayode also contends that the district court erred by failing to ensure that the factual basis was sufficient to support his guilty plea because there was no evidence that he knew the means of identification used or possessed belonged to an actual person.  The Government concedes error and asks this Court to reverse Kayode's conviction and vacate his corresponding 24-month sentence.  For the reasons set forth below, we find plain error.  Accordingly, we vacate Kayode's conviction of aggravated identify theft and remand for further proceedings consistent with this opinion.[2]

Although we are not bound by this Court's decision in *United States v. Ogbemudia*, 2010 WL 444404 (5th Cir. Feb. 2, 2010) (unpublished), we find ourselves persuaded by its comprehensive reasoning.  *Ogbemudia* presents a case procedurally identical to the instant appeal—that is, in *Ogbemudia*, the Government conceded that the record did not establish that the defendant knew that the identity documents belonged to actual, real people.  The *Ogbemudia* Court conducted a plain error review and found that the district court's failure to ensure the proper factual basis for the defendant's guilty plea constituted "clear or obvious" error.  *Id.*[3]  The *Ogbemudia* Court based its finding of error on

---

[1] *See* 18 U.S.C. § 1028A(a) (setting out elements of aggravated identity theft).

[2] Accordingly, we also vacate his 24-month sentence.  Kayode does not challenge his other convictions for mail fraud or unlawful procurement of naturalization.  This appeal, therefore, only concerns his conviction for aggravated identity theft.

[3] The *Ogbemuedia* Court noted that "[a]lthough the district court did not have the benefit of *Flores-Figueroa* when [the defendant] pleaded guilty, it is sufficient that the error

No. 09-20383

the Supreme Court's decision in *Flores-Figueroa*, where the Supreme Court "held the Government must prove the defendant knew that the stolen identification belonged to another person." *Id.* at *1 (citing *Flores-Figueroa*, 129 S.Ct. at 1889). The *Ogbemudia* Court found that clear "error existed because there was an insufficient factual basis to support [the defendant's] conviction." *Id.* (citing FED. R. CRIM. P. 11(b)(3); *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992) ("The factual basis cannot be implied from the fact that the defendant entered a plea, but must appear on the face of the record and 'must be precise enough and sufficiently specific' to demonstrate that the accused committed the charged criminal offense." (quoting *United States v. Johnson*, 546 F.2d 1225, 1226 (5th Cir. 1977)))).

The *Ogbemudia* Court continued, finding that "this error affected [the defendant's] substantial rights. . . . [a]nd, in the light of the Government's request for a remand, it is appropriate to exercise our discretion to correct this error." *Id.* (internal citations omitted). Consequently, the Court vacated the defendant's conviction for aggravated identity theft and remanded for further proceedings. *See id.*

In the present case, the facts and the applicable law do not differ. Kayode contends that nothing in the record establishes that he knew the identity documents belonged to a real, actual person. Furthermore, the Government concedes that the district court erred in failing to ensure the factual basis was sufficient pursuant to FED. R. CRIM. P. 11(b)(3), and as a result, the Government seeks remand of the case.

---

be clear at the time of appeal." *Ogbemuedia*, 2010 WL 444404, at *1 (citing *United States v. Avants*, 278 F.3d 510, 521 (5th Cir. 2002)).

No. 09-20383

Given this Court's reasoning in *Ogbemudia*, we find that the district court's error "was clear or obvious," and accordingly, we vacate the defendant's conviction of aggravated identify theft. Kayode's 24-month sentence is therefore vacated, and this case is remanded for further proceedings consistent with this opinion.