# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2013

Lyle W. Cayce
Clerk

No. 11-20918
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND BUCHANAN, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-454-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raymond Buchanan, Jr., pleaded guilty to one count of bank fraud and one count of aggravated identity theft. He argues that the district court plainly erred by failing to ensure that the factual basis established an essential element of the offense of aggravated identity theft. Buchanan contends that the factual basis did not establish that he knew that the means of identification he used belonged to a real person. Because Buchanan failed to object in the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, review is limited to plain error. *See United States v. Marek,* 238 F.3d 310, 315 (5th Cir. 2001) (en banc).

"[T]he determinative question is whether there is an adequate factual basis in the record from which the district court could conclude as a matter of law that [the defendant's] conduct satisfies each element of [the offense]." *Id.* at 314; FED. R. CRIM. P. 11(b)(3). "[I]nferences may be 'fairly drawn' from the evidence adduced after the acceptance of a guilty plea but before or at sentencing." *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008).

To establish aggravated identity theft, the Government must prove that Buchanan (1) knowingly used (2) the "means of identification" belonging to another person (3) without lawful authority (4) during and in relation to a violation of bank fraud. *See* 18 U.S.C. § 1028A; *United States v. Stephens*, 571 F.3d 401, 404-05 (5th Cir. 2009). In *Flores-Figueroa v. United States*, 129 S. Ct. 1886, 1888 (2009), the Supreme Court held that in order to convict a defendant of aggravated identity theft pursuant to § 1028A, the Government must prove that the defendant knew that the means of identification he unlawfully possessed actually belonged to another person.

While nothing in the record explicitly states that Buchanan knew that Roy Fisher was a real person, the evidence was sufficient for the district court to fairly draw that inference. *See Hildenbrand*, 527 F.3d at 475; *see also United States v. Smith*, 416 F. App'x 416, 420 (5th Cir. 2011). The indictment charged that Buchanan "knowingly and without legal authority used a means of identification of another, that is, names, birth dates, and the social security numbers assigned to the individuals listed below, during and in relation to [bank fraud]." The indictment then stated that the initials of one of the individuals was "R.F." and it also set forth the individual's social security number. Moreover, at rearraignment, the district court stated that the Government had to prove beyond a reasonable doubt that Buchanan "knowingly transferred, possessed, or used without lawful authority a means of identification of another

person." Finally, the factual basis set forth that the Postal Service contacted "the true Roy G. Fisher" who lived in Michigan and that he advised the Postal Service "that he did not apply for the loan at Wachovia Bank and he did not open the joint checking accounts or otherwise give Mr. Buchanan permission to use his name." Because the district court could fairly draw the inference that Buchanan knew that the identity he used belonged to a real person, Buchanan fails to show that the district committed a clear or obvious error. *See Marek,* 238 F.3d at 315; *Hildenbrand,* 527 F.3d at 475; *Smith,* 416 F. App'x at 420.[1]

Buchanan also argues that the district court plainly erred in failing to admonish him on an element of the offense of aggravated identity theft. He contends that the district court failed to admonish him that the Government had to prove that he knew that the means of identification used belonged to a real person. Because Buchanan failed to object in the district court, review is limited to plain error. *See United States v. Vonn,* 535 U.S. 55, 59 (2002).

A district court is required by Rule 11 to address the defendant and inform him of the nature of the charges. FED. R. CRIM. P. 11(b)(1)(G). The requirement that the defendant understand the nature of the charge against him "refers to the elements of the offense." *United States v. Lujano-Perez,* 274 F.3d 219, 224 (5th Cir. 2001). While there are no precise guidelines as to what is sufficient to meet this standard, "'the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge.'" *United States v. Reyes,* 300 F.3d 555, 559 (5th Cir. 2002) (quoting *United States v. Reyna,* 130 F.3d 104, 110 (5th Cir. 1997)).

---

[1] *Smith* also succinctly distinguishes the two unpublished cases upon which Buchanan relies: *United States v. Kayode,* 381 F. App'x 323 (5th Cir. 2010)(unpublished) and *United States v. Ogbemudia,* 364 F. App'x 72 (5th Cir. 2010)(unpublished). *Smith* notes that in both of these cases, the Government confessed error and agreed that the factual basis was insufficient to support he conviction. 416 F. App'x at 420. "Here, the Government has made no such concession . . . ." *Id.*

Even if we were to conclude that the district court committed "obvious" error in this regard, Buchanan fails to show that the error affected his substantial rights because he does not contend that he would not have pleaded guilty but for the court's alleged error. *See United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea"). Although the district court did not specifically state that the Government had to prove that Buchanan knew that the means of identification he used belonged to a real person, there is no evidence that this lack of specific information affected Buchanan's decision to plead guilty. *See United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999) (finding that the defendant's substantial rights were not affected because there was no indication that the district court's error affected her decision to plead guilty). Moreover, this is not the type of case that implicates our discretion because it does not call into question the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Accordingly, Buchanan cannot show plain error requiring reversal. The judgment of the district court is therefore AFFIRMED.